

Michael J. Frevola
Christopher R. Nolan
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
CPM CORPORATION LIMITED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CPM CORPORATION LIMITED,

        Plaintiff,

-against-

SHANGHAI EVERLUCK SHIPPING a/k/a
SHANGHAI EVER LUCK SHIPPING AGENCY
LTD.,

        Defendant.

08 Civ. _____

**VERIFIED**
**COMPLAINT**

---

Plaintiff, CPM Corporation Limited ("CPM"), by and through its attorneys, Holland & Knight LLP, for its verified complaint against Shanghai Everluck Shipping Agency Ltd. a/k/a Shanghai Ever Luck Shipping Agency Ltd. ("Everluck") alleges as follows:

1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material herein, plaintiff CPM was and is a business entity organized and existing under the laws of the Hong Kong and maintains a place of business at Unit No. 11, 9/F, Wayson Comm. Building, 28 Connaught Road West, Hong Kong.

3. Upon information and belief, at all times material herein, defendant Everluck is and was a business entity organized and existing under the laws of a foreign state with an address at Room 709, Ship and Shipping Building, No. 600 Minsheng Road, Shanghai, China.

4. On or about June 3, 2008, the parties entered into a voyage charter party whereby CPM, as disponent owner, agreed to let and Everluck, as charterer, agreed to hire the M/V MELINA I ("Vessel"). The parties' charter ("Charter") was memorialized via a fixture note dated June 3, 2008. A true and correct copy of the fixture note is attached hereto as Exhibit 1.

5. CPM previously had time chartered the Vessel from the head owner, Alonza Shipping of the Marshall Islands ("Alonza").

6. The terms of the Charter provided for cargos of bagged cement and project cargo (oversized materials and equipment which are used in infrastructure projects) to be loaded in two ports in China and discharged in Africa.

7. Clause 17 of the Charter provided that "[a]ll sufficient lashing, securing, dunnages, separation if any to be for charterers' arrangement and account."

8. While the Vessel was loading in Shanghai, there was a fire in at least one of the holds where the cargo was being stowed. Fortunately, the fire was quickly contained but not before both the Vessel and the cargo suffered damage.

9. The Vessel also experienced voyage delays due to repairs necessitated by the fire damage.

10. It later was determined that the likely cause of the damage were welders hired by Everluck to weld pad-eyes to the deck to secure some of the project cargo.

11. Alonza, the Vessel's head owner, has sought a security from CPM in the amount of US$1,004,127.59, for lost charter hire payments, hull repairs, and other expenses it is claiming that it incurred, or will incur, as a result of the fire caused by Everluck's welders. In an e-mail dated July 17, 2008, Alonza (via its brokers) submitted to CPM a breakdown of its estimated claim against CPM. A true and correct copy of the July 17, 2008 e-mail is attached hereto as Exhibit 2. Alonza and CPM are arranging the details of the security in the amount requested by Alonza to secure Alonza's claim against CPM.

12. As a result of Everluck's negligence, Alonza is asserting that it has a claim against CPM in the estimated amount of US$948,452.27, for which CPM would not otherwise be liable. Therefore, CPM is entitled to full indemnification for Alonza's claim from Everluck.

13. Additionally, CPM sustained losses currently estimated to be US$235,000.00 incurred in the transhipping of cargo unable to be reloaded on the Vessel after the fire.

14. The terms of the Charter call for arbitration in Hong Kong and the application of English law.

15. While all disputes arising out of the Charter are to be arbitrated in Hong Kong, the action herein is submitted in accordance with Rule B of the Supplemental Rules of Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9 U.S.C. §8, is not and cannot be considered a waiver of the Charter's arbitration clause.

16.     Under English law, charter party awards regularly include costs, including a reasonable allowance for attorney's fees.

17.     Upon information and belief it will take three years to resolve this dispute, resulting in the following estimated interest and attorneys' fees and costs.

| | |
|---|---|
| Interest: | $ 177,517.83  ($1,183,452.20 x 0.05/year x 3 years) |
| Attorneys' fees | $ 200,000.00 |
| Total Principal Claim: | $1,183,452.20 |
| Total Sought: | $1,560,970.03 |

18.     Defendant is not found within the Southern District of New York but does have assets, goods, chattels, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its behalf, or which is being transferred for its benefit, within the jurisdiction and held in the name(s) of Shanghai Everluck Shipping Agency Ltd., and/or Shanghai Ever Luck Shipping Agency Ltd. with, upon information and belief, the following financial institutions: Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd.; China Trust Bank,

Great Eastern Bank, Industrial Bank of Korea, Nara Bank Shin Han Bank, United Orient Bank or any other financial institution within the Southern District of New York.

**WHEREFORE**, CPM Corporation Limited prays:

1. That a summons with process of attachment and garnishment may issue against the defendant Shanghai Everluck Shipping Agency Ltd. a/k/a Shanghai Ever Luck Shipping Agency Ltd.; and if defendant cannot be found, then that its goods, chattels, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its behalf, or which is being transferred for its benefit, within the district may be attached in an amount sufficient to answer plaintiff's claim;

2. That defendant Shanghai Everluck Shipping Agency Ltd. a/k/a Shanghai Ever Luck Shipping Agency Ltd. and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3. That judgment be entered in favor of CPM Corporation Limited and against Shanghai Everluck Shipping Agency Ltd. a/k/a Shanghai Ever Luck Shipping Agency Ltd. in the amount of $1,560,970.03 (including estimated interest, expenses and attorneys' fees); and,

4.  That this Court grant CPM Corporation Limited such other and further relief which it may deem just and proper.

Dated: New York, New York
      August 5, 2008

                              HOLLAND & KNIGHT LLP

By: _____
      Michael J. Frevola
      Christopher R. Nolan
      Lissa Schaupp
      195 Broadway
      New York, NY 10007-3189
      Tel:  (212) 513-3200
      Fax:  (212) 385-9010

*Attorneys for Plaintiff*
*CPM Corporation Limited*

## VERIFICATION

STATE OF NEW YORK          )
                           :ss.:
COUNTY OF NEW YORK         )

LISSA D. SCHAUPP, being duly sworn, deposes and says:

I am associated with the firm of Holland & Knight LLP, counsel for CPM Corporation Limited ("CPM"), plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by CPM and corresponded with CPM's representatives regarding this matter. I am authorized by CPM to make this verification, and the reason for my making it as opposed to an officer or director of CPM is that there are none within the jurisdiction of this Honorable Court.

*[signature]*
Lissa D. Schaupp

Sworn to before me this
5th day of August, 2008

*[signature]*
Notary Public

WALLIS BETH KARPF
Notary Public, State Of New York
No. 01KA6047092
Qualified In New York County
Commission Expires August 28, 20<u>10</u>

# 5519164_v1

# EXHIBIT 1

# FIXTURE NOTE

DATE: 2008-06-3
CONTRACT NO.: ELSHA-CPM-0806

IT IS MUTUALLY AGREED ON 03RD /JUNE/2008 BETWEEN THE UNDER SIGNED PARTIES WITH FOLLOWING TERMS AND CONDITIONS:

1. VESSEL SPECIFICATION:

M/V " MELINA I " EX OSSA EX 'DESERT FALCON'
TYPE BULK CARRIER SINGLEDECKER
BUILT APRIL 1980 FLAG MALTA CLASS: ABS
LOA/BM/DM: 169.6/26.30/13.60 M LBP 163 M
TONNAGES    GROSS NET
INTERNATIONAL 17356 8715
PANAMA CANAL 19141 14536
SUEZ CANAL 18722,12 14805,25
CALL SIGN 9HOI7
CRANE: MAX SWL 23MT
ADA

2  CARGO & QTTY: ABT 8,000MT CEMENT PLUS 10,000W/M PROJECT CARGO(WITH MAXIUM WEIGHT:23MT PER UNIT) 10% MOLOO  AS PART CARGO

3  LOADING PORT: NO.9 TERMINAL, 1SP SHANGHAI CHINA
   DISCHARING PORT: 1SP OWNER'S BERTH LOBITO, ANGELA

4  LYCN: 17TH JUNE—26TH JUNE/2008,

5  LOADING/DISCHARGING RATE: CQD

6  FRT: USD 120W/M FILO BSS 1/1

7  CARGOES ARE PARTIALY STACKABLE/OVERSTOWABLE ; ON/UNDER DECK IS ON OWNER'S/CHARTER' OPTION.

8  CHTR SHOULD ARRNG VSL ALONGSIDE WITHIN 36HOURS UPON ARRVL AND THE OWNER SHOULD PAY USD10,000 FOR THE SAID EXTRA FEE.

9  ALL CARGO TO BE DELIVERED/RECEIVED IN SEAWORTHY CONDITION (PACKED FOR OCEAN SHIPMENT) WITH SUFFICIENT AND SUTABLE LIFTING/LASHING POINTS & LUGS, SHOWING COG, WHERE APPLICABLE, ALL OF WHICH TO BE CLEARLY MARKED.

10 FULL FREIGHT PAYMENT TO BE MADE BY T.T REMITTANCE TO OWR'S    NOMINATED BANKING ACCT WITHIN SEVEN (7) BANKING DAYS AFTER    COMPLETION OF LOADG BUT ALWAYS BEFORE RELEASING ORIGINAL BS/L. FREIGHT TO BE DEEMED AS EARNED WHEN CARGO LOADED ONBOARD DISCOUNTLESS, NON-RETURNABLE WHETHER CARGO AND OR VESSEL LOST OR NOT LOST.

11  DETENTION : USD36,000 PDPR IF VESSEL DELAY DUE TO CARGO/CARGO DOCUS UNREADINESS BOTH ENDS, DETENTION MONEY IF ANY AT LOADING PORT TO BE SETTLED WITH OCEAN FREIGHT. SAME AT DISCHARGING PORT TO BE SETTLED BEFORE RELEASING DELIVERY ORDER    DETENTION /DEMURRAGE IF ANY AT LOADING PORT TO BE SETTLED WITHIN 10DAYS AFTER COMPLETION OF LOADING AGAINST OWNER'S RELEVANT INVOICE. SAME AT DISCHARGING PORT TO BE SETTLED BEFORE RELEASING DELIVERY ORDER

12  AGENT: CHARTERES' AGENT AT LOADING PORT AND OWNERS' AGENT AT DISCHARGING PORT, ALL CHARGE TO BE OWNER'S ACCOUNT.

13  LIGHTERAGE/LIGHTERING TO BE ARRANGED BY CHARTERER'S WITH THEIR RISK AND EXPENSE IF ANY AT BOTH ENDS.

14  SHIPSIDE TALLY TO BE FOR OWNERS' ACCOUNT AND SHORESIDE TALLY TO BE FOR CHARTERERS' ACCOUNTS BOTH ENDS.

15  ANY WHARFAGE/TAXES/DUES/DUTIES ON CARGOES TO BE FOR SHIPPER'S ACCOUNT.

16  SPECIAL EQUIPMENT, IF REQUIRED, SUCH LIKE LIFTING SPREADER, BEAMS AND/OR WIRE SLINGS FOR LOADING/DISCHARGING HEAVY LIFTS ARE TO BE SUPPLIED BY OWNER'S AT BOTH ENDS.

17  ALL SUFFICIENT LASHING, SECURING, DUNNAGES, SEPARATION IF ANY TO BE FOR CHARTERERS' ARRANGEMENT AND ACCOUNT.

18  LAYTIME COUNTING AS PER GENCON CP'94.

19  SUBJECT TO FINAL PACKING LIST.

20  ARBITRATION GA., IF ANY, IN HONGKONG, ENGLISH LAW TO APPLY. OTHERWISE AS PER CARRIER'S CONLINE BOOKING NOTE.

21  ADD COM: 2.5% FOR SHANGHAI EVER LUCK SHIPPING AGENCY LTD
    --END--

ON AND BEHALF OF OWNER                ON AND BEHALF OF CHTR

For and on behalf of
CPM CORPORATION, LIMITED

............................
Authorized Signature(s)

2